UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND MAGNUSON LOPEZ,

    Plaintiff,

v.                                          Case No. 8:24-cv-1247-TPB-SPF

VANDERHALL MOTOR WORKS, INC.,

    Defendant.
_____/

### ORDER GRANTING "PLAINTIFF"S MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT"

This matter is before the Court on "Plaintiff's Motion for Remand and Incorporated Memorandum of Law in Support," filed by counsel on June 21, 2024. (Doc. 7). Defendant Vanderhall Motor Works, Inc. filed a response in opposition on July 5, 2024. (Doc. 15). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background[1]

This case arises from a motor vehicle accident between Plaintiff Raymond Magnuson Lopez and Derwin Leroy Moultrie. On February 17, 2022, Plaintiff was travelling east on SR-600 in Pinellas County, Florida, when Plaintiff's vehicle – a 2022 Vanderhall Venice designed, sold, and manufactured by Defendant Vanderhall Motor Works, Inc. – suddenly and without warning lost stability and traction, causing the

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint at this time. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

vehicle to veer to the right. As Plaintiff attempted to regain control of the vehicle, the car struck the right shoulder guardrail, which redirected the vehicle back across the road before striking the left guardrail. Sometime after striking the left guardrail and being redirected back to the right, Plaintiff's vehicle was struck from behind by Moultrie. Plaintiff alleges that he suffered severe, painful, and catastrophic personal injuries, from which he will likely never recover.

On March 21, 2023, Plaintiff filed suit against Vanderhall and Moultrie in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. In his complaint, he asserts claims for negligence and strict product liability. On April 24, 2023, the state court judge entered an order transferring to case to Division HT and staying the case until September 1, 2023.[2] On September 1, 2023, the state court lifted the stay. Plaintiff served Vanderhall on September 14, 2023, and Moultrie on September 22, 2023.

On April 23, 2024, Plaintiff and Moultrie reached a settlement. On May 23, 2024 – a year and two months after Plaintiff initially filed suit – Vanderhall removed the case to this Court based on diversity jurisdiction because there was now complete diversity. Plaintiff seeks remand to state court based on Vanderhall's untimely removal.

## Standard of Review

When a civil action is originally brought in state court, a defendant may remove such action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a).

---

[2] The Thirteenth Judicial Circuit temporarily established Division HT ("Holding Tank") as a result of the thousands of cases filed in the days before Florida's Tort Reform Bill went into effect on March 24, 2023.

Federal courts maintain original jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  However, "[a] case may not be removed…on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c).  The removing defendant bears the burden of establishing federal jurisdiction.  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).  Any doubt as to propriety of removal should be resolved in favor of remand to state court.  *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

Plaintiff argues this case must be remanded because Vanderhall's notice of removal was filed more than one year after commencement of this action and is therefore untimely.  As the Court noted, the state court action was filed on March 21, 2023, but Vanderhall did not remove the case until May 23, 2024.  Vanderhall filed its notice of removal within thirty days of the filing of a notice of acceptance of settlement between Plaintiff and Moultrie, from which Vanderhall ascertained the case was one which had become removable.  But because Vanderhall attempted to remove under subsection 28 U.S.C. § 1446(b)(3) based on diversity jurisdiction more than one year after commencement of the action, its notice of removal is untimely.  The language of the statute is clear – the one-year limitation begins at the commencement of an action by a plaintiff.  28 U.S.C. § 1446(c); *see Hawkinson v. State Farm Mutual Automobile Ins. Co.*, 325 F. Supp. 3d 1293, 1297 (M.D. Fla. 2018) ("Under Florida law, an action is

deemed commenced when the complaint is filed."); *Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446, at *4 (S.D. Fla. Apr. 21, 2010) (recognizing that "great weight of the case law" overwhelmingly supported conclusion that "commencement of the action" occurs when the original complaint is filed).

Vanderhall attempts to prevent remand by arguing that this case presents a "novel" issue concerning the state court's stay. Vanderhall points out that due to the stay, it was not served until September 14, 2023, around six months after the complaint was filed. Vanderhall believes the stay therefore creates an equitable exception to the time limitation. However, 28 U.S.C. § 1446(c) does not reference equitable estoppel. Instead, it only sets forth one basis for avoidance of the one-year limitation – the bad faith of a plaintiff, which is not alleged here. In earlier cases preceding the amendments to 28 U.S.C. § 1446, a few courts applied the doctrine of equitable estoppel to bar a party from relying on the one-year limitation period for removal.[3] *See id.* at *5 (citing *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324, 1326 (N.D. Okla. 2003)). It does not appear the Eleventh Circuit Court of Appeals has specifically addressed this issue either before or after the amendments. That being said, the Fifth Circuit has recognized that courts may no longer consider equitable exceptions to the one-year limitation. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 294 (5th Cir. 2019).

Even if equitable estoppel were applicable, though, the circumstances of this case would not warrant its application. The Court notes that although there was a six-

---

[3] "The bad-faith exception was initially adopted in 2011 amendments to § 1446." *Valderramos v. Giti Tire (USA) Ltd.*, No. 20-CV-62676-RUIZ/STRAUSS, 2021 WL 1520700, at *2 (S.D. Fla. Mar. 8, 2021) (citing *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019)). Prior to 2011, the one-year limitation did not include any exceptions whatsoever. *Id.*

month delay in service, Moultrie – the non-diverse defendant – was still in the case when Vanderhall was served. In fact, Moultrie remained in the case until after the expiration of the one-year limitation period, and as noted, Vanderhall has not alleged any bad faith by Plaintiff with regard to his settlement with Moultrie. Furthermore, it is inherently and unduly speculative to assume that the settlement with Moultrie would have occurred six months earlier but for the state court's stay.

Vanderhall's notice of removal is untimely. Plaintiff's motion for remand is therefore granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  "Plaintiff's Motion for Remand and Incorporated Memorandum of Law in Support" (Doc. 7) is hereby **GRANTED**.

(2)  This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

(3)  Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of July, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**